UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

**Sofia Merzouky,**

    Plaintiff,

vs.

**Collecto, Inc.**, d/b/a EOS CCA**,**
**John Doe #1,**

    Defendants.

**Jury Trial Requested**

___

## Complaint

### Introduction

1. The Plaintiff brings this action alleging the Defendants lied to her while attempting to collect an alleged debt in violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). The Plaintiff seeks statutory damages, actual damages, costs and attorney fees under the FDCPA.

### Jurisdiction and Venue

2. This Court has jurisdiction to hear the FDCPA claims in this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337(a).

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because the Plaintiff is a resident of this District and the conduct complained of took place, via the telephone, in this District.

**Parties**

4. Plaintiff Sofia Merzouky is an adult resident of the municipality of Malden, County of Middlesex, Commonwealth of Massachusetts.

5. The Defendant Collecto, Inc. (Collecto) is a domestic corporation with its principal place of business located in the municipality of Norwell, county of Plymouth, Commonwealth of Massachusetts.

6. Collecto does business as EOS CCA.

7. The Defendant John Doe #1, alias, a male, is an employee or agent of Collecto whose true identity is unknown to the Plaintiff but is known, or knowable, to Collecto.

**Facts Common To All Counts**

8. At all times relevant to this Complaint, Collecto was engaged in the business of regularly collecting debts, originally owed to entities other than itself, using the telephone to communicate with residents of Massachusetts.

9. At all times relevant to this Complaint, John Doe #1 was engaged in the business of regularly collecting debts, originally owed to entities other than his employer, using the telephone to communicate with residents of Massachusetts.

10. At all times relevant to this Complaint, Collecto was a "Debt Collector" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6).

11. At all times relevant to this Complaint, John Doe #1, was a "Debt Collector" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6).

12. Within the past year Collecto engaged in telephone conversations with the Plaintiff while acting as a Debt Collector attempting to collect an alleged debt from her.

13. Within the past year John Doe #1 engaged in at least one telephone conversation with the Plaintiff while acting as a Debt Collector attempting to collect an alleged debt from her.

14. The alleged debt that gave rise to the telephone conversations arose from mobile phone service used primarily for personal, family or household purposes. (Hereinafter the alleged debt shall be referred to simply as the Debt.)

### November 2, 2012 Conversation

15. On November 2, 2012, Collecto, acting through its agent or employee Doe #1, engaged in a telephone conversation with the Plaintiff while attempting to collect the Debt.

16. In that conversation, Doe #1 told the Plaintiff Collecto was "absolutely" recording the call.

17. In that conversation, Doe #1 told the Plaintiff that the Debt could remain on her credit report for 7 to 10 years and then, if the Debt was not resolved and Collecto resold it to another collection agency, for up to 10 years after that.

18. That statement was false.

### Count 1 – Federal FDCPA – False/Misleading Representations

19. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

20. The Defendants violated the restrictions the FDCPA imposes on them prohibiting them from making false and/or misleading representations.

21. The restrictions are codified at 15 USC 1692(e).

22. The Defendants did the following which the Plaintiff asserts gave rise to the violation: in violation of 15 USC 1692(e)(10), Collecto made a false statement regarding how long the Debt could remain on her credit report.

23. The false statement put the Plaintiff in fear that the Debt could remain on her credit report for 20 years.

24. The Plaintiff suffered damages, including emotional distress, as a result of the conduct described in this Count.

**Wherefore,** the Plaintiff requests judgment against each Defendant for actual damages pursuant to 15 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 15 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 15 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

### Count 2 – Federal FDCPA – Unfair Practices

25. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

26. The Defendants violated the restrictions the FDCPA imposes on them prohibiting them from using unfair or unconscionable means while attempting to collect a debt.

27. The restrictions are codified at 15 USC 1692(f).

28. The Defendants did the following which the Plaintiff asserts gave rise to the violations: in violation of 15 USC 1692(f), unfairly and unconscionably led her to

believe the Debt could remain on her credit report for 20 years if she did not resolve it with Collecto.

29. The Defendants thereby put the Plaintiff in fear that the Debt could remain on her credit report for 20 years.

30. The Plaintiff suffered damages, including emotional distress, as a result of the conduct described in this Count.

**Wherefore,** the Plaintiff requests judgment against each Defendant for actual damages pursuant to 15 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 15 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 15 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

The Plaintiff,
By Counsel,

/s/ John T. Longo
_____
Citadel Consumer Litigation, P.C.
John T. Longo, Esq. MA BBO#632387
681 Smith Street
Providence, RI  02908
(401) 383-7550
Fax (401) 537-9185
jtlongo@citadelpc.com

### Jury Demand

The Plaintiff demands a trial by jury on each and every count.

/s/ John T. Longo
_____
John T. Longo, Esq./#4928

Citadel #3607